IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WAL-MART STORES EAST, LP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> WESTERN WORLD INSURANCE ) <br> COMPANY, REDDY ICE ) <br> CORPORATION, AND NECOL ) <br> SMITH, ) <br> ) <br> Defendants. ) | Case No. _____ <br> JURY DEMAND |

## WAL-MART STORES EAST, LP'S COMPLAINT FOR DECLARATORY JUDGMENT AND RELATED RELIEF AGAINST WESTERN WORLD INSURANCE COMPANY

1) Plaintiff Wal-Mart Stores East, LP (hereinafter "Wal-Mart"), by undersigned counsel, files this Complaint for Declaratory Judgment and Related Relief against Western World Insurance Company (hereinafter "Western World").

## NATURE OF ACTION

2) This is a civil action for declaratory relief by Wal-Mart seeking an order from the Court declaring that Western World is responsible for Wal-Mart's defense, including all associated costs, and for indemnifying Wal-Mart for any judgment found against Wal-Mart, in Necol Smith v. Wal-Mart Stores East, LP and Reddy Ice Corporation, No. 3:15-cv-96 in the United States District Court for the Middle District of Tennessee, Nashville (hereinafter "Underlying Action").

3) Western World's duty to defend and indemnify Wal-Mart arises out of the September 16, 2013 Wal-Mart Grocery Supplier Agreement (hereinafter "Agreement") between

Wal-Mart and Western World's insured Reddy Ice Corporation (hereinafter "Reddy Ice"). *See* Exhibit A.

## JURISDICTION AND VENUE

4) This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy involves a dispute among citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5) This Court has personal jurisdiction over all of the parties.

6) Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this complaint arose in this district.

## THE PARTIES

7) Plaintiff Wal-Mart is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas.

8) Plaintiff is engaged in retail and transacts business in Tennessee.

9) Defendant Western World is a private insurance company domiciled in the state of New Hampshire with its principal place of business located at 400 Parson's Pond Drive, Franklin Lakes, New Jersey 07417.

10) Western World insures Reddy Ice Corporation.

11) Defendant Reddy Ice Corporation is a for-profit, foreign corporation domiciled in the state of Texas with its principal place of business located at Suite 200, 5720 Lyndon B. Johnson Fwy., Dallas, TX 75240-6398, doing business in the state of Tennessee.

12) Defendant Necol Smith is a resident of the State of Tennessee, residing in Wilson County, Tennessee, at 827B Old Rome Pike, Lebanon, Tennessee 37087.

## THE UNDERLYING ACTION

13) Plaintiff Necol Smith filed a complaint in the Underlying Action against Wal-Mart Stores East, LP on December 9, 2014. *See* Exhibit B.

14) Smith's original complaint alleges that Wal-Mart and its employees were negligent in "fail[ing] to safely... install and/or maintain the cooler in such a manner as to ensure it would not leak water, resulting in a dangerous, and unsafe condition."

15) After conducting some discovery, Wal-Mart filed an amended answer on July 14, 2015, alleging comparative fault against Reddy Ice for any failure to "safely install and/or maintain the cooler in such a manner as to ensure it would not leak water" because "Reddy Ice was responsible for the installation and maintenance of the cooler at the Wal-Mart store where plaintiff alleged she was injured."

16) Smith filed an amended complaint in the Underlying Action against Wal-Mart Stores East, LP and Reddy Ice Corporation on July 22, 2015. *See* Exhibit C.

17) Smith's amended complaint alleges that she is entitled to damages because "defendants knew or should have known of the unsafe condition of the ice cooler resulting in a wet floor/mat" and should have "corrected the condition before Plaintiff's injury." *Id.*

18) Smith's amended complaint alleges that "the ice cooler was not properly functioning and led to a wet floor/mat which was dangerous hazardous and unsafe creating an unreasonable risk of harm." *Id.*

19) Smith's complaint alleges that "the Defendants and their employees... were negligent in that they: (a) failed to safely... install and/or maintain the cooler in such a manner as to ensure it would not leak water resulting in a dangerous, and unsafe condition in

3

a timely manner; (b) knew or should have known that a wet substance on the floor/mat constituted a dangerous, hazardous, and unsafe condition on the premises; (c) failed to provide warning signs and/or notice regarding the wet substance that was a hazardous, dangerous, and unsafe condition on the premises; (d) created said hazardous, dangerous, and unsafe condition and failed to address it and make it safe in a timely manner; (e) failed to properly and timely inspect the area where the Plaintiff was injured and address the hazardous, dangerous, and unsafe condition in a timely manner; and (f) failed to exercise due and reasonable care." *Id.*

## THE SUPPLIER AGREEMENT BETWEEN WAL-MART AND WESTERN WORLD'S INSURED REDDY ICE

20) Wal-Mart and Reddy Ice entered into the Wal-Mart Grocery Supplier Agreement (Exhibit A) on September 16, 2013.

21) The indemnification clause in paragraph 14 states that Reddy Ice "shall protect, defend, hold harmless and indemnify Company [Wal-Mart]... from and against any and all lawsuits... regardless of whether such matters are groundless, fraudulent or false, arising out of any actual or alleged... (b)... injury to any person... claimed to result... from any actual or alleged... latent or patent defect in... the Merchandise, including but not limited to: (ii) any actual or alleged improper construction or design of the Merchandise; or (iii) any actual or alleged failure of the Merchandise to comply with specifications or with any express or implied warranties of Supplier... [or] arising out of any... (d) Act, activity or omission of Supplier or any of its employees, representatives or agents, including but not limited to activities on Company's premises and the use of any vehicle, equipment, fixture or material of Supplier in connection with any sale to or service for the Company." *See* Exhibit A.

4

22) Paragraph 18 of the Agreement sets out the insurance requirements of the Agreement and states that Western World is Reddy Ice's insurer. *Id.*

23) Reddy Ice provided Wal-Mart with a certificate of insurance listing Western World as Reddy Ice's general liability insurer and listing Wal-Mart as an additional insured. *See* Exhibit D.

24) On May 20, 2015, Wal-Mart sent a letter to Reddy Ice Corporation tendering the claim. *See* Exhibit E.

25) Counsel retained by Reddy Ice sent letters to Wal-Mart's counsel on June 25, 2015 and June 29, 2015 requesting additional information. *See* Collective Exhibit F.

26) Wal-Mart's counsel provided the additional information on July 9, 2015. *See* Exhibit G.

27) Counsel for Wal-Mart and counsel for Reddy Ice further discussed the tender.

28) Despite these communications, Reddy Ice would not agree to accept Wal-Mart's tender.

29) An actual and justiciable controversy exists among the parties as to the responsibilities of Western World to defend and indemnify Wal-Mart under the insurance policy Western World issued to Reddy Ice, under which Wal-Mart is an additional insured pursuant to the Certificate of Insurance.

WHEREFORE, Plaintiff Wal-Mart Stores East, LP prays for the following relief:

A. That this Court enter a declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 binding on all parties and declaring the rights and legal obligations of all the parties;

B. That this Court enter a declaratory judgment declaring that Western World has a duty to defend and indemnify Wal-Mart against the claims asserted against Wal-Mart by plaintiff Necol Smith in the underlying action; and

C. That the Court, pursuant to 28 U.S.C. § 2202, grant such further relief as the justice of this cause may require.

*Meredith L. Eason*
G. Andrew Rowlett, No. 16277
Meredith L. Eason, No. 30183
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway, Suite 300
Nashville, TN 37201
615-244-3370
*Attorneys for Wal-Mart Stores East, LP*